United States District Court
Southern District of New York

---

JOHN STOLARZ,

                    Plaintiff, **03 Civ. 3083 (JGK)**

                                        <u>**OPINION AND ORDER**</u>

          - against -

**GORDON S. ROSEN, et al.**

                    Defendants.

---

**JOHN G. KOELTL, District Judge:**

     The plaintiff, John Stolarz ("Stolarz"), is a former employee of Airline Software, Inc. ("ASI"). Stolarz resigned from his position and subsequently filed a complaint alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq</u>., in connection with a money purchase pension plan sponsored by ASI. The plaintiff sued ASI; ASI Money Purchase Plan (the "Plan"); ASI Pension Trust Plan; and Gordon S. Rosen ("Rosen"), a principal of ASI (collectively, the "defendants"). The plaintiff's first three causes of action allege continuing violations of ERISA's reporting and disclosure requirements. First, the plaintiff seeks an accounting of all transactions of the Plan and Trust, $100 for each day that the defendants fail to comply with their ERISA obligations in violation of 29 U.S.C. §§ 1023 and 1024, as provided in 29 U.S.C. § 1132(c)(1)(B), as well as

1

reasonable attorneys' fees and costs as provided in 29
U.S.C. § 1132(g)(1).  (See Compl. marked as Pl.'s Ex. 1 ¶¶
8-26.)  Second, the plaintiff alleges breaches of Rosen's
fiduciary obligations as the sole trustee of the Plan and
Trust.  Stolarz alleges that Rosen failed to pay into the
Plan and Trust sums that had been specifically deducted from
Stolarz's payroll in order to fund his pension.  In addition
to attorneys' fees and costs, the plaintiff seeks the amount
that Rosen or ASI allegedly failed to deposit into the Plan
and Trust, and all profits earned on those deposits, in an
amount that represents the Plan and Trust benefits that
Stolarz would be entitled to from a fully restored Plan and
Trust.  (See id. ¶¶ 27-31.)  Third, the plaintiff alleges
that Rosen failed to assign a life insurance policy (No.
7455058) issued by New England Life Insurance Company to the
plaintiff.  The policy allegedly has a cash surrender value
of approximately $23,000.  This is an equitable claim in
which the plaintiff seeks the assignment of the life
insurance policy and reasonable attorneys' fees and costs
pursuant to 29 U.S.C. § 1132(g)(1).  (See id. ¶¶ 32-38.)

    The defendants have filed a motion for partial summary
judgment pursuant to Federal Rule of Civil Procedure 56 on
the grounds that Stolarz failed to follow the proper
procedures in pursuing his claims and as a result, cannot

maintain an ERISA claim.  The plaintiff has filed a cross-motion on the issue of liability with respect to his first three causes of action.

I.

The standard for granting summary judgment is well established.  Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.  The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The substantive law governing the case

3

will identify those facts that are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Consol. Edison, Inc. v. Northeast Utilities, 332 F. Supp. 2d 639, 642 (S.D.N.Y. 2004).

Summary judgment is appropriate if it appears that the non-moving party cannot prove an element that is essential to the non-moving party's case and on which it will bear the burden of proof at trial. See Cleveland v. Policy Mgt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Celotex, 477 U.S at 322; Powell v. Nat. Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. T.R.M. Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its initial burden of

showing a lack of a material issue of fact, the burden
shifts to the nonmoving party to come forward with "specific
facts showing that there is a genuine issue for trial."
Fed. R. Civ. P. 56(e).  The nonmoving party must produce
evidence in the record and "may not rely simply on
conclusory statements or on contentions that the affidavits
supporting the motion are not credible."  Ying Jing Gan v.
City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also
Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998);
Consol. Edison, 332 F. Supp. 2d at 643; see also Garvin v.
Potter, 367 F. Supp. 2d 548, 553-54 (S.D.N.Y. 2005).

### II.

Unless otherwise noted, the following facts are not in
dispute.  ASI adopted the Plan in 1985.  (Defs' Rule 56.1
Stmt. ¶ 2; Pl.'s Rule 56.1 Stmt. ¶ 2.)  At or near the time
that the Plan was adopted, all employees, including the
plaintiff, were given a copy of the Summary Plan Description
("SPD"), which explained the benefits available and the
procedures to be followed under the Plan.  (Defs' Rule 56.1
Stmt. ¶ 3; Pl.'s Rule 56.1 Stmt. ¶ 3; see also SPD attached
as Ex. A to Defs.' Mot. for Summ. J ("Defs' Mot.").)
Stolarz contributed to the Plan by making voluntary
deductions from his paycheck for as long as the Plan was in

effect.   (Defs' Rule 56.1 Stmt. ¶ 4; Pl.'s Rule 56.1 Stmt. ¶
4.)

On February 16, 2001, Stolarz wrote a letter to ASI
requesting information about the Plan (Defs' Rule 56.1 Stmt.
¶ 5; Pl.'s Rule 56.1 Stmt. ¶ 5).  ASI responded on February
19, 2001.  (Defs' Rule 56.1 Stmt. ¶ 6; Pl.'s Rule 56.1 Stmt.
¶ 6.)

On November 6, 2001, Stolarz resigned from his position
at ASI.  (Defs' Rule 56.1 Stmt. ¶ 7; Pl.'s Rule 56.1 Stmt. ¶
7.)  The plaintiff stated that he was resigning, in part,
because ASI had failed to provide a statement of the balance
of his Plan account.  (See letter dated Nov. 6, 20001 [sic]
from Stolarz to Rosen attached as Ex. B to Defs' Mot.)   On
November 16, 2001, ASI responded that it was unaware of any
failure to provide Stolarz with a Plan account statement and
that ASI would look into any possible oversight.  (See Pl.'s
Ex. 3.)

After Stolarz's resignation, ASI received letters from
plaintiff's counsel dated December 31, 2001 and March 13,
2002.  (Defs' Rule 56.1 Stmt. ¶ 8; Pl.'s Rule 56.1 Stmt. ¶
8.)  Among other things, the December 31, 2001 letter
requested information about Stolarz's Plan account, and
mentioned concern about possible under-funding of the Plan.
(See letter dated Dec. 31, 2001 from Christopher J. Prior

("Prior") to Rosen attached as Ex. C to Defs' Mot. at 2.)
The March 13, 2002 letter mentioned issues that might arise
under New York State law in connection with money allegedly
owed by ASI to Stolarz.  (<u>See</u> letter dated Mar. 13, 2002
from Prior to Rosen attached as Ex. D to Defs' Mot.)  On May
1, 2003, the plaintiff filed the present action.

The defendants move for partial summary judgment
dismissing the plaintiff's first three causes of action for
violations of ERISA on the grounds that Stolarz failed to
exhaust administrative remedies.  <u>See</u> <u>Kennedy v. Empire Blue
Cross and Blue Shield</u>, 989 F.2d 588, 594 (2d Cir. 1993);
<u>Leonelli v. Pennwalt Corp.</u>, 887 F.2d 1195, 1199 (2d Cir.
1989); <u>Benaim v. HSBC Bank USA</u>, 94 F. Supp. 2d 518, 519
(S.D.N.Y. 2000), <u>aff'd</u> 23 Fed. Appx. 55 (2d Cir. 2001);
<u>Barnett v. IBM, Corp.</u>, 885 F. Supp. 581, 586-89 (S.D.N.Y.
1995).  According to the defendants, the plaintiff failed to
make a demand for the payment of Plan benefits on the Plan
administrator and failed to file an appeal.  The defendants
argue that the plaintiff cannot make the required "clear and
positive showing" that pursuing the available administrative
remedies would be "futile" and that Stolarz has therefore
failed to meet the sole exception to the exhaustion
requirement.  <u>See</u> <u>Kennedy</u>, 989 F.2d at 594 (citations and
internal quotation marks omitted); <u>see also</u> <u>Sandfilippo v.</u>

Provident Life and Cas. Ins. Co., 178 F. Supp. 2d 450, 457-
59 (S.D.N.Y. 2002) (lack of administrative remedies does not
demonstrate futility when such lack caused by claimant's
failure timely to contest administrative decision).

The plaintiff argues that the defendants did not plead
the failure to exhaust administrative remedies as an
affirmative defense in their answer and that therefore, the
defendants may not seek dismissal on this ground.  See Saks
v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003);
Neuner v. Horizon Blue Cross Blue Shield of New York (In re
LymeCare, Inc.), 301 B.R. 662, 672 (Bankr. D. N.J. 2003);
McCoy v. Bd. of Trustees of Baboree Int'l Union, 188 F.
Supp. 2d 461, 467 (D.N.J. 2002) ("Failure to exhaust
administrative remedies is generally an affirmative defense
subject to waiver."), aff'd 60 Fed. Appx. 396 (3rd Cir. Mar
25, 2003).  The defendants respond that the exhaustion
requirement is jurisdictional, see Barnett, 885 F. Supp. at
586-87, and thus cannot be waived and that, in any event,
that a district court has the discretion to entertain
affirmative defenses and to construe the summary judgment
motion as a motion to amend the defendants' answer.  See
Saks, 316 F.3d at 350.  Therefore, the Court will consider
the affirmative defense of failure to exhaust administrative
remedies.

The issue then, is whether the plaintiff was required to exhaust his internal administrative remedies under the Plan.  The plaintiff argues that there was no obligation to exhaust ERISA remedies because he alleges statutory violations of ERISA rather than a denial of benefits.  See Lindemann v. Mobil Oil Corp., 79 F.3d 647, 649-50 (7th Cir. 1996) (collecting cases and concluding that the decision whether to require exhaustion is within the discretion of the district court).  The Court of Appeals for the Second Circuit has not ruled on whether exhaustion is required for "statute-based claims" as opposed to "plan-based claims." See Nechias v. Oxford Health Plans, Inc., No. 04-5100-CV,  -- F.3d --, 2005 WL 2018630, at *4 (2d Cir. Aug. 24, 2005). There is a split among the Circuit Courts of Appeals on this issue.  See Suozzo v. Bergreen, No. 00 Civ. 9649, 2003 WL 256784, at *7 (S.D.N.Y. Feb. 5, 2003) (collecting cases). Moreover, district courts within this Circuit have permitted claims for statutory violations of ERISA even though administrative remedies were not exhausted.  See Campanella v. Mason Tenders' Dist. Council Pension Plan, 299 F. Supp. 2d 274, 281 (S.D.N.Y. 2004), aff'd 132 Fed. Appx. 855 (2d Cir. Feb. 22, 2005); De Pace v. Matsushi Elec. Corp., 257 F. Supp. 2d 543, 560 (E.D.N.Y. 2003); Gray v. Briggs, No. 97 Civ. 6252, 1998 WL 386177, at *7 (S.D.N.Y. July 7, 1998);

<u>Lawford v. New York Life Ins. Co.</u>, 739 F. Supp. 906, 912
(S.D.N.Y. 1990); <u>Schwartz v. Interfaith Medical Center</u>, 715
F. Supp. 1190, 1193 (E.D.N.Y. 1989).  An important
consideration in excusing exhaustion under such
circumstances is that while plan fiduciaries have expertise
in interpreting plan documents, the Court has expertise in
interpreting the statute.  Moreover, no administrative
record is required to determine whether the defendants have
complied with the statute.  The reasoning of these cases is
persuasive and no exhaustion is required for the claims in
this case.

In this case, there is particular merit to excusing the
exhaustion of administrative remedies.  The essence of the
plaintiff's claim is that ASI never filed the documents
necessary to establish an ERISA pension plan, and that,
although deductions had been made from Stolarz's paycheck,
the Plan was under-funded because the defendants failed to
make the required employee contributions.  (<u>See</u> Decl. of
Andrew J. Luskin dated Apr. 22, 2005 ("Luskin Decl.") ¶¶ 17,
23-29, 32-47; <u>see also</u> Pl.'s Ex. 9.)  No expertise of the
plan fiduciaries is required to decide these issues.

ASI has provided no basis for resisting partial summary
judgment in favor of Stolarz on the issue of liability on
the first three causes of action.  The record establishes

that the Plan, intended to be a qualified plan under Section 401(a)(1) and other applicable provisions of the Internal Revenue Code, is now disqualified.  There is also a pending application to the Voluntary Compliance Procedure established by the IRS and the Delinquent Filer Voluntary Compliance Program established by the Department of Labor to cure these ERISA defects, but the Plan is not and has never actually been qualified under ERISA.  (See Decl. of Stanley Rand dated May 6, 2005 ("Rand Decl.") attached to Defs' Reply ¶¶ 20, 63; see also Pl.'s Ex. 12.)  The defendants offer no explanation why the plaintiff is not entitled to an accounting, and have not even alleged that the monies paid by Stolarz were used as required.

The defendants submit the declaration of Stanley Rand, a principal of ASI, in opposition to the plaintiff's cross-motion.  In the declaration, Rand acknowledges that the Plan had, at times, been under-funded.  (See Rand Decl. ¶ 67.) Rand also purports to describe Rosen's thoughts regarding the funding of the Plan (id. ¶ 60) and attempts to explain why Rosen should be excused from not funding the Plan because Rosen had the laudable goal of bringing the Plan into compliance with ERISA.  (See id. ¶¶ 57, 64-70.)  Rand

does not deny that the defendants violated ERISA or that

breaches of fiduciary duties occurred, but rather, attempts

Plan into compliance with ERISA.  (See id. ¶¶ 57, 64-70.)
Rand does not deny that the defendants violated ERISA or
that breaches of fiduciary duties occurred, but rather,
attempts to excuse them.  In fact, the Rand declaration
concedes that "there may be breaches of fiduciary duties
under ERISA" and raises the plaintiff's failure to exhaust
his administrative remedies as the defendants' sole
defense.  (See Rand Decl. ¶ 37.)  These arguments are
without merit.  Even if the Court were to ignore the
plaintiff's argument that exhaustion should not be required
where, as here, a statutory violation of ERISA is alleged,
it would not make sense to require the exhaustion of
administrative remedies where no qualified ERISA plan
exists.

CONCLUSION

     For the reasons explained above, the defendants'
motion for summary judgment on Counts One through Three is
**denied,** and the plaintiff's cross-motion for summary
judgment on liability on Counts One through Three is
**granted.**

**SO ORDERED.**

**Dated:  New York, New York
          August 26, 2005**

                          John G. Koeltl
                    United States District Judge

12